Stanard, J.
delivered the opinion of the court.
The court below having sustained a general demurrer to the declaration, the question is, does the declaration shew a good cause of action ?
The suit is on an executor’s bond, and the declaration, after setting out the bond and condition, alleges, generally, that the condition had not been performed, and that the defendant did not duly administer the goods, chattels and credits of the estate according to law; and, especially, that the relator had prosecuted a suit in equity against the defendant, in the course of which, an account of the assets of his testator in the hands of the defendant the executor, had been taken by a commissioner of the court, which ascertained, that in one view, the defendant had assets to the amount of 2127 dollars 59 cents, and in another, the assets in his hands amounted to 549 dollars 32 cents; that that report was not excepted to, and that thereupon the court had rendered a decree, that the defendant, as executor of Christian C. Long, should pay out of the assets which by the said report appeared to have been in his hands, the sum of 251 dollars 64 cents, with interest from the 9th of October 1826, till paid, and the costs expended in the prosecution of the suit. It is further alleged, that on this decree a fieri facias had been issued, on which the sheriff returned no assets in the hands of the executor; and that the decree remains wholly due and unpaid; and so the condition of the bond had not been performed. The declaration in substance sets out a decree in favour of the relator against the executor, assets having been judicially ascertained to be in his hands sufficient to satisfy the decree, the emanation of a fi. fa. on the decree, and the return thereof nulla bona.
*232 Before the act of 1813, 1 Rev. Code, ch. 104, $ 63, 390, no action on the executor’s bond could be sustained by a creditor of the testator, until the executor had been convicted of a devastavit by judgment or decree. The court of appeals had so decided in the case of Catlett v. Carter’s ex’ors, 2 Munf. 24. According to that decision, before a suit could be maintained on the executor’s bond, the creditor was under the necessity of prosecuting two suits against the executor, the first to establish his debt, and then on the return of nulla bona on the first judgment, a second suit on that judgment, suggesting a devastavit; arid having, in that suit, convicted the executor of the devastavit, he was entitled to an action on the executor’s bond; and it was necessary in such suit, to shew by the declaration, that the executor had been convicted of the devastavit. It was to remove the inconvenience of this repetition of suits, that the statute of 1813 was passed. It entitles the party to sue on the executor’s bond, who shall have obtained a judgment against the executor, and issued execution thereon, which had been returned nulla bona. Before that statute, such judgment, execution, and return thereon, was the matter to allege in a declaration, in an action suggesting a devastavit, as the warrant for the suggestion of the devastavit; and such judgment, execution, and return, was prima facie evidence of assets, and the waste of them; and sufficed, unless invalidated by plea and proofs, to come from the defendant, to warrant a verdict and judgment for the plaintiff, in the action suggesting the devastavit. The object of the act of 1813, was to dispense with this intermediate suit; and it dispenses with it, by giving the action on the bond when the plaintiff is in the predicament, according to the pre-existing law, to bring and maintain an action suggesting a devastavit, that is, when he has judgment, and on the execution issued on that judgment, *233 there has been a return of nulla bona. The statute substitutes, as the prerequisite of the suit on the bond, the existence of the facts necessary to maintain an action suggesting the devastavit, in place of such suit and judgment therein, for the relator. When the declaration, (as that in question does,) sets out the matters, the existence of which, the statute declares shall entitle the relator to the action, we cannot say that it shews no cause of action, as we would, were we to say that it is bad on general demurrer. If the relator had obtained a judgment at law for his claim, and an execution thereon had issued, and been returned mulla bona, the declaration would have been sufficient, and the demurrer ought to have been overruled.
By the statute, the remedy on the bond is given to one who has recovered a judgment, against the executor ; and a literal construction confining it to cases technically embraced by the word “judgment,” would not bring within its scope, a creditor who may have established his claim by a decree. I am of opinion, that the statute ought to receive a liberal construction in this regard, and that the case of a decree creditor, being within the mischief, the remedy should be extended to him. Such a decree and return of nulla bona on the execution issued on it, would support an action suggesting a devastavit.
The other judges concurred. Judgment reversed, demurrer overruled, and cause remanded for farther proceedings.